# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7206 DMG (MRW) | Date | August 26, 2019 |
|---|---|---|---|
| Title | Battle v. United States | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| Veronica Piper | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys for Petitioner: | | Attorneys for Respondent: |
| n/a | | n/a |

**Proceedings:**    ORDER TO SHOW CAUSE RE: TRANSFER

1.      This is a habeas corpus action involving a state prisoner.  Petitioner Battle was convicted in the local (state) court in the District of Columbia in the mid-1990s.  Since then, he has pursued habeas relief in the trial and appellate courts of the District of Columbia.  His current petition seeks federal review of those state court decisions pursuant to 28 U.S.C. § 2254.  (Petition at 1.)

2.      Petitioner is incarcerated in a federal facility in this region (USP Victorville). For this reason, he apparently filed this petition seeking habeas consideration in this federal court: the <u>United States District Court for the Central District of California</u>.

3.      According to Petitioner's lengthy submission (the petition is approximately 55 pages, plus another 50 pages of exhibits), it does not appear that Petitioner sought federal court habeas relief in the court that ordinarily reviews convictions from the D.C. Superior Court.  That court is the <u>United States District Court for the District of Columbia</u>.

* * *

4.      When a prisoner files a state habeas petition in federal court, the petition may be filed in either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced.  28 U.S.C. § 2241(d).

5.      However, a habeas petition directed to a prisoner's underlying conviction, sentence, or other proceeding is generally litigated in the district in which the petitioner was convicted and sentenced, as it is a more convenient forum for accessing evidence, records, and witnesses.  Thus, it generally is the practice of the district courts in California to transfer habeas actions challenging state convictions or sentences to the

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-7206 DMG (MRW) | Date | August 26, 2019 |
|----------|----------------------|------|-----------------|
| Title | Battle v. United States | | |

district in which the prisoner was convicted and sentenced.  <u>Laue v. Nelson</u>, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

6.     The federal venue statute further states that, rather than dismissing an improperly filed action, a district court, "in the exercise of its discretion and in furtherance of justice[,] may transfer" the habeas petition to another federal district for hearing and determination.  28 U.S.C. § 2241(d); <u>see also</u> 28 U.S.C. § 1404(a) (court may transfer any civil action "to any other district or division where it might have been brought" for convenience of parties or "in the interest of justice").

7.     These venue provisions are particularly appropriate when, as here, Petitioner's contentions appear to involve detailed analysis of a local District of Columbia statute (the D.C. Youth Rehabilitation Act).  This California-based federal court has no experience with that law.  By contrast, the federal court that regularly hears habeas cases from the local D.C. court system likely has much more familiarity with the statute.

* * *

8.     Petitioner is therefore ordered to show cause why the Court should not transfer this action to the United States District Court for the District of Columbia. Petitioner's response to this order (not to exceed five pages) will be due by September 23. After that, the Court will take the matter under submission.

9.     If Petitioner does not challenge the Court's observation regarding the transfer of the action, he may alternatively file a short statement of non-opposition regarding the transfer or, if he prefers, voluntarily dismiss the action in this California federal court.

**Failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884 (9th Cir. 2019).**